IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-25-BO

| | |
|---|---|
| WILLIAM PHAPHON HOLLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 16, 23]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Edenton, North Carolina on June 14, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion [DE 23] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed his application on September 23, 2015, alleging disability dating back to November 23, 2014. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on October 10, 2017. The ALJ issued a decision on December 21, 2017, finding that plaintiff was not disabled. On April 17, 2018, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In June 2018, plaintiff initiated the present action, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g). [DE 1, 7]. In February 2019, plaintiff moved for judgment on the pleadings. [DE 16]. Defendant moved for judgment on the pleadings in May 2019. [DE 23]. A hearing was held before the undersigned in Edenton, North Carolina on June 14, 2019. [DE 28].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R.

§ 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual function capacity and determined that, although plaintiff was unable to perform his past relevant work activities, he was able to perform other jobs that existed in significant numbers in the national economy. The ALJ concluded that plaintiff had severe impairments that did not meet or equal any Listings and that plaintiff was capable of performing light work with numerous exertional and non-exertional limitations.

3

Plaintiff argues that the ALJ erred by (1) failing to find that plaintiff's post-traumatic stress disorder (PTSD) was a severe impairment, (2) failing to give appropriate weight to plaintiff's Veteran's Affairs (VA) rating, (3) failing to properly evaluate the treating source opinion of Dr. Curtis Greaves, (4) failing to properly assess plaintiff's residual function capacity (RFC), and (5) failing to include all of plaintiff's alleged limitations in the hypothetical to the vocational expert (VE). The Court finds that the ALJ acted appropriately as to each alleged error and that the ALJ's decision was supported by substantial evidence.

First, plaintiff argues that the ALJ failed to find that plaintiff's PTSD was a severe impairment. Impairments are severe when they significantly limit a claimant's ability to engage in basic work activities. 20 C.F.R. § 404.1520(c). But for there to be a severe impairment, there "must be a showing of related functional loss." *Gross v. Heckler*, 785 F.2d 1163, 1166 (citing *Sitar v. Schweiker*, 671 F.2d 19, 20–21 (1st Cir. 1982)). Here, although the ALJ did not specifically note that plaintiff had a severe impairment in the form of PTSD, he did find that plaintiff suffered from severe impairments in the form of anxiety and depression. [Tr. 14]. In effect, the ALJ considered all of the limiting symptoms connected with plaintiff's PTSD—including sleep apnea, which the ALJ found to be a non-severe impairment [Tr. 15], and the ability to stay on task—in determining plaintiff's RFC. [*See* Tr. 399–400; *see also* Tr. 548]. Consistent with *Gross*, the ALJ appropriately focused on the objective medical evidence of plaintiff's impairments, properly considering the anxiety, depression, sleep apnea, and inability to stay on task associated with plaintiff's PTSD. The fact that the ALJ simply did not list PTSD as a severe impairment, separate and apart from the severe and non-severe impairments that the ALJ considered as symptoms of plaintiff's PTSD, does not constitute reversible error.

4

Second, plaintiff argues that the ALJ failed to properly consider plaintiff's VA rating. In May 2017, the VA assigned plaintiff a rating decision of 100% disabled, noting a 20% disability rating from plaintiff's visual impairments and a 70% disability rating for his PTSD. In *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." The Fourth Circuit added that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* Here, the ALJ complied with the requirements of *Bird* in evaluating the VA determination against the medical record as a whole, discussing the differences between a VA rating and Social Security's disability standards, and providing a detailed assessment of the medical evidence underlying the VA decision and how that evidence related to a finding of disability under Social Security's regulations. The ALJ crafted a detailed RFC that accommodated plaintiff's visual limitations and the limitations stemming from his PTSD, as well as other limitations that were not part of the VA determination. There is no reversible error; the ALJ fully complied with *Bird* and properly considered plaintiff's VA rating.

Third, plaintiff argues that the ALJ failed to properly consider the treating source opinion of Dr. Curtis Greaves. In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[1] A medical opinion is a statement "from physicians

---

[1] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after plaintiff's claim was filed, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

5

and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

Here, plaintiff argues that the ALJ failed to give appropriate weight to the psychological evaluation and opinion of Dr. Greaves. But the ALJ's decision to afford little weight to Dr. Greaves's opinion was supported by substantial evidence in the record. Dr. Greaves opined that plaintiff would have difficulty staying on task and that it would be "very difficult for him to work in a setting where he would have to work closely with other co-workers and/or to have to communicate directly with customers face to face on a regular basis contributing to high levels of occupational impairment in these types of work settings." [Tr. 399]. The ALJ identified and discussed in detail Dr. Greaves's opinion, considering it in conjunction with the relevant medical evidence in the record and plaintiff's own testimony, and concluded that it was inconsistent with the full record. The ALJ noted that plaintiff had not complained of, or otherwise demonstrated, an inability to stay on task or an inability to engage customers while working as a bus driver. The ALJ further determined that plaintiff was cooperative and behaved appropriately in his

6

examinations, was compliant with his medications, and was only required to speak with his psychiatrist on an approximately monthly basis. [Tr. 21; 43–44; 52]. The ALJ crafted a detailed RFC that accommodated plaintiff's physical symptoms and provided numerous exertional and non-exertional limitations, and a review of the record demonstrates that substantial evidence existed to support the ALJ's decision to afford little weight to Dr. Greaves's opinion.

Fourth, plaintiff argues both that the ALJ erred in determining he could perform light work and in failing to properly assess his symptoms and credibility. But the ALJ's detailed and well-reasoned RFC, following the ALJ's function-by-function analysis, is supported by substantial evidence. The ALJ discussed each of plaintiff's statements about his own impairments and then cited to the applicable medical records, reaching conclusions as to the severity of the impairments and accommodating those impairments in the RFC. In some circumstances, the ALJ determined that plaintiff's testimony about his impairments was inconsistent with the applicable medical evidence in the record. Each time, the ALJ provided an explanation for his finding that plaintiff's limitations were less severe than plaintiff alleged. As such, the ALJ fully complied with 20 C.F.R. § 416.945 in determining plaintiff's residual functional capacity at Step Four and his decision was supported by substantial evidence.

Finally, plaintiff argues that the ALJ erred in failing to provide the VE with all of plaintiff's alleged physical and mental limitations. But the ALJ was not required to present a hypothetical question that included all of the symptoms and difficulties that plaintiff testified to. Rather, the ALJ was required only to present a hypothetical question that fairly set out plaintiff's credible limitations, as determined by the ALJ. As discussed above, the ALJ appropriately determined that some of plaintiff's alleged limitations were less severe than he claimed, relying on the objective medical evidence in the record. The ALJ then presented a hypothetical question to the VE that

7

incorporated all of the credible limitations that the ALJ found. The ALJ, in presenting the hypothetical question to the VE, therefore did not commit reversible error.

Upon a full review of the record, the Court finds that the ALJ committed no reversible error. Substantial evidence existed to support the ALJ's findings that plaintiff had not engaged in substantial gainful activity, had severe impairments that did nonetheless did not equal any regulatory listings, could perform light work with certain limitations, could not perform his past relevant work, and could perform other work existing in significant numbers in the national economy. As such, the Commissioner's decision must be affirmed.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion [DE 23] is GRANTED. The Commissioner's decision is AFFIRMED.

SO ORDERED, this _18_ day of June, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE